USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 05/23/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
QUEEN TERESA COLLINS, :
:
                    Plaintiff, :
: 23-CV-4236 (VEC)
        -against- :
: ORDER
:
SANTOS MOLINA-LAGOS, RAYMOURS :
FURNITURE COMPANY, INC. :
                    Defendants. :
------------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

    WHEREAS on September 15, 2022, Plaintiff brought this case in the Supreme Court of the State of New York, Bronx County, for damages resulting from a vehicle accident on September 16, 2019, *see* Compl., Dkt. 1-1;

    WHEREAS on May 22, 2023, Santos Molina-Lagos ("Molina-Lagos") and Raymours Furniture Company, Inc. ("Raymours") (together, "Defendants") filed a notice of removal, *see* Notice of Removal, Dkt. 1;

    WHEREAS Molina-Lagos is a New Jersey resident and Raymours is a New York corporation based in New York, *id.* ¶¶ 6–7;

    WHEREAS Plaintiff alleges that she resides in New York, but the police report associated with the accident that forms the basis of this lawsuit, which Defendants assert was produced on April 25, 2023, shows that her driver's license reflected an address in Virginia, *id.* ¶¶ 8–9, 13;

    WHEREAS a notice of removal may be filed within thirty days after a defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," 28 U.S.C. § 1446(b)(3);

WHEREAS diversity jurisdiction is available "only when all adverse parties to a litigation are completely diverse in their citizenships," *Herrick Co., Inc. v. SCS Commc's, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001);

WHEREAS the party seeking to invoke diversity jurisdiction "bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete," *Advani Enter., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998);

WHEREAS in determining whether complete diversity exists, courts ordinarily look to the parties' citizenship "when suit is commenced," *Md. Cas. Co. v. W.R. Grace & Co.*, 23 F.3d 617, 622 (2d Cir. 1993);

WHEREAS "[i]ssues relating to subject matter jurisdiction may be raised at any time, even on appeal, and even by the court sua sponte," *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 449 (2d Cir. 2013); and

WHEREAS Plaintiff's attorney represented in an email to Defendants' attorney that Plaintiff resided in New York on the day this lawsuit was filed but declined to produce an affidavit to that effect; *see* Email, Dkt. 1-8;

IT IS HEREBY ORDERED that not later than **Tuesday, May 30, 2023**, Plaintiff must file a sworn affidavit identifying her permanent home address on September 15, 2022. If Plaintiff was domiciled in Virginia at the time she filed her action, not later than **Friday, June 2, 2023**, Defendants' counsel must file a declaration stating when Plaintiff produced the September 16, 2019 police report and stating whether he had access to the report from his clients before that date.

IT IS FURTHER ORDERED that not later than **Wednesday, May 24, 2023**, Defendants must serve this Order on Plaintiff's counsel via email and post proof of service on the docket.

**SO ORDERED.**

Date: May 23, 2023
New York, New York

_____
VALERIE CAPRONI
United States District Judge