USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 06/20/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
QUEEN TERESA COLLINS,                               :
                                                    :
                            Plaintiff,              :
                                                    :          23-CV-4236 (VEC)
             -against-                              :
                                                    :          ORDER
                                                    :
SANTOS MOLINA-LAGOS, RAYMOURS                       :
FURNITURE COMPANY, INC.                             :
                            Defendants.             :
---------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on September 15, 2022, Plaintiff brought this case in the Supreme Court of the State of New York, Bronx County, for damages resulting from a vehicle accident on September 16, 2019, *see* Compl., Dkt. 1-1;

WHEREAS on May 22, 2023, Santos Molina-Lagos ("Molina-Lagos") and Raymours Furniture Company, Inc. ("Raymours") (together, "Defendants") filed a notice of removal, *see* Notice of Removal, Dkt. 1;

WHEREAS Molina-Lagos is a New Jersey resident and Raymours is a New York corporation based in New York, *id.* ¶¶ 6–7;

WHEREAS Plaintiff alleges that she resides in New York, but the September 16, 2019 police report associated with the accident that forms the basis of this lawsuit shows that her driver's license reflected an address in Virginia, *id.* ¶¶ 8–9, 13;

WHEREAS diversity jurisdiction is available "only when all adverse parties to a litigation are completely diverse in their citizenships," *Herrick Co., Inc. v. SCS Commc's, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001);

WHEREAS the party seeking to invoke diversity jurisdiction "bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete," *Advani Enter., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998);

WHEREAS in determining whether complete diversity exists, courts ordinarily look to the parties' citizenship "when suit is commenced," *Md. Cas. Co. v. W.R. Grace & Co.*, 23 F.3d 617, 622 (2d Cir. 1993);

WHEREAS "[i]ssues relating to subject matter jurisdiction may be raised at any time, even on appeal, and even by the court sua sponte," *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 449 (2d Cir. 2013);

WHEREAS if the removing party fails to demonstrate complete diversity of citizenship, the court may either remand the case to state court or exercise its discretion to "order further discovery to determine whether there was complete diversity of citizenship," though such discretion should be exercised "with caution," *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 618 (2d Cir. 2019);

WHEREAS on June 6, 2023, Plaintiff filed an affidavit stating that, at the time she brought this lawsuit, she was **permanently** residing at 205 Alexander Avenue, Apt. 50, Bronx, New York, 10454, *see* Collins Affidavit, Dkt. 9-1;

WHEREAS Plaintiff also filed what appears to be a paystub reflecting the same New York address as of October 6, 2022, *see* Dkt. 9-2; and

WHEREAS on June 5, 2023, Defendants asserted that Plaintiff's affidavit does not "clearly identify her domicile" and that the parties may therefore nevertheless be diverse, *see* Letter, Dkt. 7;

WHEREAS on June 6, 2023, the Court ordered Defendants to show cause why this case should not be remanded to state court in light of Plaintiff's affidavit, *see* Order, Dkt. 10; and

WHEREAS on June 16, 2023, Defendants continued to assert that Plaintiff's affidavit is insufficient, *see* Letter, Dkt. 11;

IT IS HEREBY ORDERED that Plaintiff must file any motion to remand not later than **Friday, June 30, 2023**. Defendants' response is due not later than **Friday, July 14, 2023**.[1] Plaintiff's reply is due not later than **Friday, July 21, 2023**.

**SO ORDERED.**

Date:  June 20, 2023
       New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　VALERIE CAPRONI
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] Defendants' response must also include a declaration stating when Plaintiff produced the September 16, 2019 police report and stating whether Defendants had access to the report before that date so the Court can determine whether removal was timely. Moreover, both parties must address *Herrick Co. v. SCS Commc'ns Inc.*, 251 F.3d 315, 322–23 (2d Cir. 2001) (holding that once the party seeking removal has established a "specific initial domicile," the party challenging removal bears the burden of establishing a new domicile).